1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| GEORGIA MILES,<br><br>Petitioner,<br><br>v.<br><br>PLUMAS COUNTY,<br><br>Respondent. | No.  2:20-cv-1308-WBS-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

17

18

19

20

21

22

23

        Petitioner is confined to Napa State Hospital.  She proceeds without counsel seeking a writ of habeas corpus using a form intended for filing in a California state court.[1]  Petitioner states that she is "awaiting trial" at the Napa State Hospital.  ECF No. 1 at 2, 5.  She states that she has been "jailed" to keep her from her family and that various counties against whom she has filed lawsuits are trying "to get all [her] cases closed." *Id.* at 3.  She also states she has been denied dentures and medication for migraines. *Id.* at 5.  For the reasons stated below, the petition must be dismissed.

24

25

26

        As noted, petitioner has used a form petition intended for filing in state court.  Generally, inmates seeking habeas relief in federal district court do so by way of 28 U.S.C. § 2254.   The court, however, cannot construe petitioner's filing as such.  Section 2254 applies only to persons

27

28

---

        [1] She has paid the filing fee.

1   in custody pursuant to the judgment of a state court.  *See* 28 U.S.C. § 2254(a) ("[A] district court

2   shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant

3   to the judgment of a State court only on the ground that he is in custody in violation of the

4   Constitution or laws or treaties of the United States.").  Although petitioner is in custody under

5   the authority of a state, she identifies herself as a pretrial detainee. Thus, there is no judgment and

6   § 2254, applicable to prisoners in custody pursuant to the judgment of a state court, does not

7   apply.  Furthermore, if petitioner wishes to challenge the conditions of her confinement at Napa

8   State Hospital, the proper means for doing so is by filing a civil rights complaint pursuant to 42

9   U.S.C. § 1983.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*,

10   411 U.S. 475, 500 (1973)).

11       Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

12   habeas corpus be dismissed without prejudice.

13       These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15   after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18   shall be served and filed within fourteen days after service of the objections.  Failure to file

19   objections within the specified time may waive the right to appeal the District Court's order.

20   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

21   1991).  In her objections petitioner may address whether a certificate of appealability should issue

22   in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

23   2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

24   final order adverse to the applicant).

25   DATED:  August 27, 2020.

26                                   EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

27

28

                                    2